IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NANETTE GARDNER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-C-5184 |
| | ) | |
| v. | ) | Judge Marvin E. Aspen |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Presently before us is a motion to dismiss all claims against the City of Chicago ("Defendant") brought by Nanette Gardner ("Plaintiff"). For the following reasons, the motion is granted in part and denied in part.

**BACKGROUND**

The following factual allegations are taken from the complaint and are deemed true for the purposes of this motion to dismiss. *See MCM Partners, Inc. v. Andrew-Bartlett & Assoc., Inc.,* 62 F.3d 967, 972 (7th Cir. 1995). From 2007, Plaintiff worked for Defendant in the Department of Water Management. (Compl. ¶¶ 4, 9.) Around February 13, 2008, Plaintiff began working with Tres Peel ("Peel"), who was Acting Foreman of the site at 101st and Stony Island and had "significant control and supervision" over Plaintiff's work. (*Id*. ¶¶ 11–13.) From February 22, 2008, Peel and unnamed others began engaging in conduct that Plaintiff alleges was sexual harassment and created a hostile work environment. (*Id*. ¶ 14.) In particular, Peel "judged Gardner's sexual attractiveness in front of her and spread rumors about Plaintiff having sex with various men at the workplace." (*Id.*) Peel also "grabbed Gardner's arm in attempts to

physically intimidate her." (*Id.* ¶ 16.) Plaintiff alleges that she considered such conduct offensive and did not consent to it. (*Id.* ¶ 17.) Although Plaintiff complained to her superiors about the alleged sexual harassment, Defendant allegedly did not make a reasonable effort to prevent or correct the situation. (*Id.* ¶¶ 19–21.)

Plaintiff further claims that Defendant repeatedly transferred Plaintiff to different job sites and gave her "undesirable job assignments," allegedly as retaliation for complaining about the harassment. (*Id.* ¶¶ 24–25.) Plaintiff finally concludes that Defendant's reasons for the change in job sites and assignments are pretext for discrimination in violation of Title VII. (*Id.* ¶ 26.)

Plaintiff has filed a two-count complaint. Count I alleges sexual harassment, creating a hostile work environment in violation of 42 U.S.C. §2000e-2a(1). Count II alleges retaliation by Defendant in violation of 42 U.S.C. § 2000e-3(a). Plaintiff seeks compensatory damages and attorneys' fees in addition to punitive and/or liquidated damages.

## STANDARD OF REVIEW

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Accordingly, a court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *see Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007). A sufficient complaint need not give "detailed factual allegations," but it must provide more than "labels and

2

conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65; *Killingsworth*, 507 F.3d at 618–19. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957)); *see also* Fed. R. Civ. P. 8(a). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002). However, "our favor toward the nonmoving party does not extend to drawing 'inferences that are supported by only speculation or conjecture.'" *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008) (quoting *Fischer v. Avanade, Inc.*, 519 F.3d 393, 401 (7th Cir. 2008)).

## ANALYSIS

**I.     Sexual Harassment Creating a Hostile Work Environment**

Under Title VII of the Civil Rights Act of 1964, "[i]t shall be an unlawful employment practice for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2a(1). Sexual harassment that is so "'severe or pervasive' as to 'alter the conditions of the victim's employment and creates an abusive working environment' violates Title VII." *Faragher v. City of Boca Raton*, 524 U.S. 775, 786, 118 S. Ct. 2275, 2283 (1998); *Patton v. Keystone RV Co.*, 455 F.3d 812, 815–816 (7th Cir. 2006). To prevail on a sexual harassment claim based on a hostile work environment, Plaintiff must establish that:

3

> (1) she was subjected to unwelcome sexual harassment; (2) the harassment was based on her sex; (3) the sexual harassment unreasonably interfered with her work performance by creating an intimidating, hostile or offensive work environment that affected seriously the psychological well-being of the plaintiff; and (4) there is a basis for employer liability.

*McPherson v. City of Waukegan*, 379 F.3d 430, 437–438 (7th Cir. 2004); *see Hall v. Bodine Elec. Co.*, 276 F.3d 345, 355 (7th Cir. 2002). To be actionable under Title VII, the work environment must be "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher*, 524 U.S. at 787, 118 S. Ct. at 2283; *see Hilt-Dyson v. City of Chi.*, 282 F.3d 456, 462–463 (7th Cir. 2002).

Defendant offers three reasons to dismiss the sexual harassment claim. Defendant argues that (1) the facts stated in the complaint are insufficient to support Plaintiff's claim of sexual harassment based on a hostile work environment (Mem. at 5–6); (2) Plaintiff has not pled any facts that demonstrate the alleged harassment was "severe or pervasive" (*id*. at 6); and (3) Plaintiff failed to allege that the harassment was based on her gender (*id*. at 5).

The Defendant is incorrect on all three points. The Seventh Circuit has repeatedly stated that a plaintiff stating a claim under Title VII "may allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary." *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006). In this case, we find that the complaint gives Defendant fair notice of Plaintiff's claims and the basis for them, so it is sufficient to survive a motion to dismiss. *See Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964.

4

First, Plaintiff has pled adequate facts to state a claim for sexual harassment based on a hostile work environment. Plaintiff has alleged not only the parties involved and the nature of her grievance, but additional facts such as dates, specifics about Peel's conduct, her discomfort with Peel's conduct, and the alleged conduct's interference with "Plaintiff's ability to perform her job." (Compl. ¶¶ 11–18.) Further, Plaintiff alleged that Peel "had significant control and supervision over [her] work" and that when she reported the conduct to her superiors, they failed to take steps to "prevent or correct the environment." (*Id*. at ¶¶ 13, 19–20.) The facts alleged plausibly suggest that Plaintiff has a right to relief and provide Defendant with sufficient notice to investigate and prepare a defense to Plaintiff's claims. That is all Rule 8 requires. *See Concentra*, 496 F.3d at 776.

Second, we can infer from the facts stated in the complaint that the alleged harassment was "severe or pervasive." *See Faragher*, 524 U.S. at 786, 118 S. Ct. at 2283 ("[S]exual harassment so severe and pervasive as to . . . create an abusive working environment violates Title VII.") (internal quotes omitted). As Defendant correctly points out, Title VII is not a "general civility code." *Id.* at 788. Accordingly, "'simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Id*. In this case, however, Plaintiff has pled enough facts to plausibly suggest that she endured treatment that is actionable under Title VII.

Under *Twombly*, a plaintiff must allege facts "plausibly suggesting (not merely consistent with)" illegal conduct. 550 U.S. at 557, 127 S. Ct. at 1966. Announcing judgment on Plaintiff's attractiveness and spreading rumors about her may be equally consistent with sexual harassment in violation of Title VII as with non-actionable "simple teasing" or "offhand comments." *See*

5

*Faragher*, 524 U.S. at 788. But here Plaintiff alleged that Peel's conduct went beyond offhand comments and into physical assault. (Compl. ¶ 16). Plaintiff's allegation that Peel grabbed her arm in an attempt to intimidate her physically raises the possibility of severe or pervasive sexual harassment from a speculative to a plausible level.

Finally, Defendant argues that Plaintiff has not alleged that the sexual harassment was based on her gender. While Plaintiff has alleged a causal connection for her retaliation claim, discussed below, she has not explicitly pled that the alleged sexual harassment was due to her gender. Regardless, in the context of racial discrimination, the Seventh Circuit explained that because a Title VII claim "requires proof of intentional discrimination, a plaintiff might want to allege intent—although this is implied by a claim of racial 'discrimination.'" *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("'I was turned down for a job because of my race' is all a complaint has to say."). There is no reason to deviate from this standard in the context of a sexual harassment claim. In accordance with *Bennett*, all Plaintiff need to have alleged concerning causation was that she was sexually harassed because of her gender. *See id*. While expressly pleading causation would have set forth a more complete complaint, it is not necessary, as "sexual harassment" implies gender-based causation. *See id*. Thus, we can reasonably infer at the pleading stage that Plaintiff was sexually harassed because of her gender in violation of Title VII. Accordingly, Defendant's motion to dismiss Count I is denied.

## II. Retaliation

Title VII prohibits an employer from retaliating against an employee who has engaged in an activity protected by the Act. *See* 42 U.S.C. § 2000e-3(a). A plaintiff may prove retaliation using either the direct or the indirect method. *Argyropoulos*, 539 F.3d at 733; *Metzger v. Ill.*

6

*State Police*, 519 F.3d 677, 681 (7th Cir. 2008). Using the direct method, a plaintiff "must present evidence, direct or circumstantial, showing that: (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action; and (3) a causal connection exists between the two." *Argyropoulos*, 539 F.3d at 733; *Culver v. Gorman & Co.*, 416 F.3d 540, 545 (7th Cir. 2005). Alternatively, a plaintiff may establish a prima facie case of retaliation using the indirect method by demonstrating that she: (1) engaged in statutorily protected activity; (2) suffered a materially adverse action; (3) met her employer's legitimate expectations; and (4) was treated less favorably than similarly situated employees who did not engage in the protected activity. *Argyropoulos*, 539 F.3d at 733. If the plaintiff succeeds in making a prima facie case of retaliation, the burden then shifts to the defendant to produce a non-discriminatory reason for the employment action it took. *See Nichols v. S. Ill. Univ. Edwardsville*, 510 F.3d 772, 785 (7th Cir. 2007); *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006). If the defendant produces a non-discriminatory reason for the employment action, the burden shifts back to the plaintiff to show that the proffered reason is merely pretext for discrimination. *Tomanovich*, 457 F.3d at 663.

Under either method, an employment action is considered "adverse" when "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415 (2006) (internal quotations omitted); *see O'Neal v. City of Chi.*, 588 F.3d 406, 409 (7th Cir. 2009). The Seventh Circuit has identified three general categories of materially adverse employment actions:

> (1) cases in which the employee's compensation, fringe benefits, or other financial terms of employment are diminished, including termination; (2) cases in

> which a nominally lateral transfer with no change in financial terms significantly reduces the employee's career prospects by preventing her from using her skills and experience, so that the skills are likely to atrophy and her career is likely to be stunted; and (3) cases in which the employee is not moved to a different job or the skill requirements of her present job altered, but the conditions in which she works are changed in a way that subjects her to a humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative alteration in her workplace environment.

*Nichols*, 510 F.3d at 780; *Herrnreiter v. Chi. Hous. Auth.*, 315 F.3d 742, 744–45 (7th Cir. 2002). Cases in the second category do not include cases involving "a purely lateral transfer, that is, a transfer that does not involve a demotion in form or substance." *Williams v. Bristol-Myers Squibb Co.*, 85 F.3d 270, 274 (7th Cir. 1996); *Herrnreiter*, 315 F.3d at 744.

Defendant claims that Plaintiff has not pled sufficient facts establishing her retaliation claim to withstand a motion to dismiss. (Mem. at 6.) Defendant concedes that Plaintiff has alleged that she participated in a protected activity when she reported the alleged sexual harassment to her superiors. (*Id*. at 6.) Yet Defendant argues that Plaintiff has not pled enough facts to establish that she suffered an adverse employment action (*id*. at 6–8), or that Plaintiff's engaging in a protected activity caused the adverse action (*id*. at 8–9).

Defendant's argument addresses only how Plaintiff failed to carry her pleading burden under the direct method. Plaintiff pled facts, however, indicating that she intends to establish her retaliation claim through the indirect method. Specifically, Plaintiff alleged that she "met her employer's legitimate employment expectations," that "[s]imilarly situated employees who did not engage in protected activity were treated more favorably" than she was, and that "Defendant's reason for Plaintiff's termination is false and merely pretext for illegal retaliation." (Compl. ¶¶ 42, 48–49.) These are all allegations that establish a retaliation claim through the indirect method. Even if Defendant succeeded in demonstrating that Plaintiff failed to allege

8

sufficient facts under the direct method, Defendant has not shown that Plaintiff's allegations are implausible or fail to provide Defendant with notice of the grounds for a retaliation claim using the indirect method. Accordingly, we cannot dismiss Plaintiff's retaliation claim.

Moreover, Plaintiff's allegations are sufficient to state a claim for retaliation using the direct method. Plaintiff alleged causation, the distinguishing element of the direct method, by stating that "[t]here is a causal connection between Plaintiff's protected activity and the Defendant's retaliatory actions." (Compl. ¶ 47.) Admittedly, Plaintiff's factual allegation of causation is conclusory, but it is not implausible that Plaintiff's complaints to her superiors played some role in the repeated transfers and unfavorable assignments. *See Culver v. Gorman & Co.,* 416 F.3d 540, 545 (7th Cir. 2005) (holding that a causal link between a protected expression and an adverse employment action may exist where the protected conduct was a "substantial or motivating factor" in the employer's decision); *Spiegla v. Hull,* 371 F.3d 928, 942 (7th Cir. 2004) (stating that, "a motivating factor does not amount to a but-for factor or to the only factor, but is rather a factor that motivated the defendant's actions"). While additional facts concerning causation would be helpful, they are not necessary at the motion to dismiss stage.

Defendant also claims that Plaintiff failed to allege facts establishing the adversity of the repeated site changes and different assignments. We find that Plaintiff adequately alleged adversity due to the frequency of the transfers: "the City of Chicago retaliated against Plaintiff by making her *repeatedly* change job sites." (Compl. ¶ 45) (emphasis added). While Defendant is correct that the complaint contains "no allegations that the new job sites are farther from her home or more difficult to get to or are otherwise undesirable," (Mem. at 7), repeated changes in job sites could in itself be disruptive. It is plausible that repeated changes in job sites constituted

9

an adverse action because it may have dissuaded a reasonable person from engaging in a protected activity.

Defendant also argues that Plaintiff has failed to "allege what assignments she was given both before and after she complained of sexual harassment." (Mem. at 7.) While Defendant is correct that Plaintiff failed to allege facts concerning what assignments she received after the alleged harassment by Peel and why they were unfavorable compared to the assignments she had before, Defendant likely has access to this information and thus does not need Plaintiff to allege these facts in her complaint. While it may be helpful to know why Plaintiff believed her assignments after the harassment were unfavorable, such subjective impressions are unnecessary when the standard for adversity is an objective one. Defendant can determine what assignments Plaintiff received prior to and after the alleged harassment and prepare a defense that these allegedly unfavorable assignments would not have dissuaded a reasonable person from engaging in an activity protected by Title VII.

Finally, Defendant argues that Plaintiff fails to meet her pleading burden because she did not "allege that she was upset about . . . or felt punished by changing job sites." (Mem. at 7.) This argument does not withstand scrutiny, as the adversity element of a retaliation claim is judged by an objective, reasonable person standard. It does not matter how Plaintiff felt. Further, even if it did, it logically follows from the fact that Plaintiff filed charges with the EEOC and a suit alleging a retaliation claim that she was upset by changing job sites. We can reasonably infer as much.

Defendant has received fair notice of Plaintiff's claim and the grounds upon which it rests. Accordingly, Defendant's motion to dismiss Count II is denied.

### III. Punitive and/or Liquidated Damages

"Title VII authorizes an award of punitive damages when a plaintiff demonstrates that the defendant engaged in intentional discrimination 'with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" *Bruso v. United Airlines, Inc.*, 239 F.3d 848, 857 (7th Cir. 2001) (quoting 42 U.S.C. § 1981a(b)(1)). Defendant correctly argues, however, that Title VII prohibits the recovery of punitive damages from a municipal corporation and does not allow the recovery of liquidated damages. 42 U.S.C. § 1981a(b)(1) precludes the recovery of punitive damages under Title VII against a "government, government agency, or political subdivision." *See Baker v. Runyon*, 114 F.3d 668, 672 (7th Cir. 1997). "[T]he City is clearly a political subdivision." *Cleaves v. City of Chi.*, 68 F. Supp. 2d 963, 969 (N.D. Ill. 1999). Defendant's motion to strike Plaintiff's claim for punitive damages is hereby granted.

Further, Title VII does not provide for the recovery of liquidated damages. 42 U.S.C. §2000e-5(g)(1); *see generally Downey v. Comm'r of Internal Revenue*, 33 F.3d 836, 839 (7th Cir. 1994) (stating "[w]ith respect to remedies, the only difference between the scheme embodied under the ADEA and that under Title VII is that under the ADEA a plaintiff may often recover liquidated damages in addition to lost wages when the employer's violation of the statute has been willful.").

Plaintiff concedes this point in her response brief by not opposing dismissal of her claims for punitive and/or liquidated damages. (Resp. at 8.) Thus, Defendant's motion to dismiss Plaintiff's claims for punitive and liquidated damages is hereby granted.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss Counts I and II is denied and its motion to dismiss punitive and liquidated damages is granted. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Date: October 31, 2012